IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


KIRK LOSEY,
      Petitioner,

vs.                                                                          Case No. 3:08cv121/RV/EMT

WALTER A. McNEIL,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 9) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d).  Petitioner, through counsel, filed a response in opposition to the motion to dismiss (Doc. 12).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 9, Exhibits).  Following a jury trial in the Circuit Court in and for Walton County, Florida, Petitioner was found guilty of one count of sexual battery with slight force (*see* Doc. 9, Ex. C at 35).  On May 15, 2001, Petitioner was sentenced to a term of fifteen (15) years of imprisonment with no credit for time served (*id*. at 39–43).  Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA").  On May 8, 2002, the First DCA affirmed the judgment of conviction and sentence per curiam without written opinion, with the mandate issuing May 24, 2002 (*id.*, Exs. G, H).  Losey v. State, 816 So. 2d 611 (Fla. 1st DCA May 8, 2002) (Table).  Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

Petitioner, through counsel, filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure with the trial court on June 20, 2003 (Doc. 9, Ex. J at

1–7).  Following an evidentiary hearing on all of Petitioner's claims (*see* Doc. 9, Ex. J at 81–115, Ex. K), the trial court issued an order denying the post-conviction motion (Doc. 9, Ex. J. at 37–80). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on September 14, 2004, with the mandate issuing November 30, 2004 (*id.*, Exs. N, P).  Losey v. State, 887 So. 2d 332 (Fla. 1st DCA Sept. 14, 2004) (Table).

On January 13, 2005, Petitioner, through counsel, filed a second Rule 3.850 motion (Doc. 9, Ex. R at 1–18).  On March 16, 2007, the trial court dismissed the second Rule 3.850 motion, as supplemented, as procedurally barred (*id*. at 74–312).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on February 7, 2008, with the mandate issuing April 1, 2008 (Doc. 9, Exs. Q, U).  Losey v. State, 976 So. 2d 1099 (Fla. 1st DCA Feb. 7, 2008) (Table).

Petitioner filed the instant habeas action on March 24, 2008 (Doc. 1 at 1).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends that the appropriate statutory trigger for the limitations period for the filing of Petitioner's federal habeas petition is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct appeal, and Petitioner does not dispute that this is the appropriate statutory trigger (*see* Doc. 9 at 7–9; Doc. 12).  Additionally, the parties do not dispute that Petitioner's conviction became final on August 6, 2002, ninety (90) days after the date of the appellate court's decision affirming the conviction (*see* Doc. 9 at 9).  Therefore, the one-year limitations period began to run on that date, and it expired one year later on August 6, 2003.

Petitioner may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles.  Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the parties do not dispute that Petitioner filed a tolling post-conviction motion on June 20, 2003, after 318 days of the one-year limitations period had expired.  That motion remained pending until November 30, 2004, the date of the First DCA's mandate affirming the trial court's decision.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

Petitioner filed his next post-conviction application on January 13, 2005, after an additional forty-three (43) days of the federal limitations period expired.  Respondent contends this motion was not "properly filed" because it was untimely and thus did not qualify as a tolling motion (Doc. 9 at 10–15).  Petitioner contends the second Rule 3.850 motion was "properly filed" because the state court's determination that Petitioner's sole claim was not a newly discovered evidence claim and, therefore, did not qualify under an exception to the time bar, was erroneous (Doc. 12).

As the statute provides, an application for state post-conviction or other collateral review tolls the federal period of limitation only if it was "properly filed."  28 U.S.C. § 2244(d)(2).  In Pace v. DiGuglielmo, the Supreme Court held that a state post-conviction petition rejected by the state court as untimely under state law is not "properly filed" within the meaning of § 2244(d)(2). 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed.2 d 669 (2005).  The Court explained:

> In Artuz v. Bennett [531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000)], we held that time limits on postconviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed."  However, we reserved the question we face here:  "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Having now considered the question, we see no grounds for treating the two differently.
>
> As in Artuz, we are guided by the "common usage" and "commo[n] underst[anding]" of the phrase "properly filed."  In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions.  This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.* at 413 (alterations in original) (citations omitted).  The Court simply stated, "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)," because "time limits, <u>no matter their form</u>, are 'filing' conditions."  *Id.* at 414, 417, (internal quotation marks and alterations omitted) (emphasis added).  The Supreme Court held that "[b]ecause the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed' and he is not entitled to statutory tolling under § 2244(d)(2)."  *Id.* at 417.  Thus, under <u>Pace</u>, if Petitioner's second Rule 3.850 motion was not timely under state law, it would not be "properly filed" under § 2244(d)(2), and his federal habeas petition would be untimely.

> Rule 3.850 provides, in relevant part:
>
> **(b) Time Limitations**.  A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time.  No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
>
>> (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, . . .
>
> **(f) Successive Motions**.  A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

Fla. R. Crim. Pro. 3.850.

In <u>Sweet v. Sec'y, Dep't of Corrs</u>., the Eleventh Circuit affirmed the dismissal of a § 2254 petition as time-barred, holding that an untimely state post-conviction motion is not "properly filed," and does not toll the one-year federal limitation period even if the state court denied the motion on alternative grounds.  467 F.3d 1311, 1318 (11th Cir. 2006).  In that case, the state trial court dismissed Sweet's motion as "untimely and facially insufficient," and, alternatively, as without merit.  *Id.* at 1313–14.  The district court dismissed Sweet's § 2254 petition as untimely, finding that his Rule 3.850 motion did not toll the federal limitations period.  *Id*. at 1314.  On appeal, citing <u>Artuz</u> and <u>Pace</u>, the Eleventh Circuit held that the state court's alternative finding that Sweet's claim was without merit did not render the Rule 3.850 motion "properly filed" because, "when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims."  *Id.*

at 1318.  Although the Eleventh Circuit held that an untimely state post-conviction motion is not "properly filed," and does not toll the one-year federal limitation period even where the state court denied the motion on alternative grounds, this holding has been applied only in cases where the state court made an "unambiguous finding" that the petitioner's state post-conviction motion was untimely.  *Id.* at 1318.

In the instant case, in the order denying Petitioner's second Rule 3.850 motion, the state trial court cited the provision of Rule 3.850 governing time limitations for filing a Rule 3.850 motion, including the newly discovered evidence exception relied upon by Petitioner (Doc. 9, Ex. R at 80). The court unambiguously found that **"[Petitioner's] second Rule 3.850 two-year time limitation expired on <u>May 28, 2004</u>"**, and that his second Rule 3.850 motion was filed beyond the two-year time limit (*id.* at 77) (emphasis in original).  The court further concluded that the claim asserted in Petitioner's second motion was "facially insufficient" as a newly discovered evidence claim (*id*. at 83–84), thereby implicitly concluding that the motion did not qualify under the newly discovered evidence exception to the time bar.  Additionally, the court determined that Petitioner's motion did not qualify for review under the "manifest injustice" exception to the procedural bar, and in so deciding, the state court cited a Florida case in which the manifest injustice exception was applied to a time-barred Rule 3.850 motion (*id.* at 84).  The court alternatively found that Petitioner's failure to raise the claim in his first Rule 3.850 motion constituted an abuse of the procedure under Rule 3.850(f) (*id.* at 84).  As the Supreme Court stated in <u>Pace</u>, "[i]n common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception," and "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  544 U.S. at 413, 414.  In accordance with <u>Pace</u> and <u>Sweet</u>, the undersigned concludes that Petitioner's untimely second Rule 3.850 motion was not "properly filed," and it, therefore, did not toll the one-year period for filing his § 2254 petition.

Petitioner filed no other applications for state post-conviction or other collateral review; therefore, the federal limitations period expired on January 17, 2005 (after forty-seven (47) more days of the federal limitations period expired), and his federal petition filed on March 24, 2008, was untimely by over three years.  Accordingly, the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 9) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 29<u>th</u> day of September 2008.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

        **Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**